UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ELLSWORTH,

Plaintiff,

v. Case No: 2:13-cv-557-FtM-38CM

BONITA BRITISH OPEN, INC., d/b/a BRITISH OPEN PUB RESTAURANT, BERNARD NABBS, and PATRICIA ANN NABBS,

Defendants.

---

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the parties' Amended Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. #28) filed on February 20, 2014, and the FLSA Settlement Agreement and General Mutual Release (Doc. #28-1). The Plaintiff Todd Ellsworth and the Defendants Bonita British Open, Inc., d/b/a British Open Pub Restaurant, Bernard Nabbs, and Patricia Ann Nabbs, are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

1 Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Plaintiff, Todd Ellsworth, worked for the Defendants as server/bartender from approximately March 2002 to May 2013 (except for one year from May 2006 to May 2007) (Doc. #1, ¶4). Even though the parties agreed to settle this matter, the Defendants dispute that the Plaintiff is entitled to any relief from their claims in this

case. The parties have agreed to resolve this matter to avoid the uncertainties of litigation, and additional attorneys' fees. The Defendants have agreed to pay Plaintiff the sum of $3,750.00 for overtime wages and $3,750.00 as liquidated damages.

The Defendants further agree to pay Plaintiff's attorneys' fees and costs in the amount of $5,000.00. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiff's recovery and did not affect the amount of Plaintiff's recovery. (Doc. #28 at 6-8). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiff (Doc. #28). Thus, having reviewed the settlement documentation (Doc. #28-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Accordingly, it is hereby respectfully recommended that:

1. The Amended Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. #28) be **GRANTED,** and the Settlement

Agreement (Doc. #28-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action and the Clerk be directed to close the file.

**DONE AND ENTERED** at Fort Myers, Florida on this 21st day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable Sheri Polster Chappell
Counsel of record